**BARNES & THORNBURG LLP**
David P. Schack (SBN 106288)
david.schack@btlaw.com
Matthew B. O'Hanlon (SBN 253648)
matthew.o'hanlon@btlaw.com
Avedis H. Bekhloyan (SBN 322983)
avedis.bekhloyan@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-284-3880
Facsimile: 310-284-3894

Attorneys for Defendants and Counterclaimants Paul Marciano, Maurice Marciano, Alex Yemenidjian, Carlos Alberini, Cynthia Livingston, Anthony Chidoni, Deborah Weinswig, and Guess?, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RLI INSURANCE COMPANY and ARCH INSURANCE COMPANY,

Plaintiff,

v.

PAUL MARCIANO, MAURICE MARCIANO, ALEX YEMENIDJIAN, CARLOS ALBERINI, CYNTHIA LIVINGSTON, ANTHONY CHIDONI and DEBORAH WEINSWIG, and GUESS?, INC.,

Defendants.

Case No. 2:23-cv-02661-MCS-SK

**AMENDED COUNTERCLAIM OF DEFENDANTS AND COUNTERCLAIMANTS PAUL MARCIANO, MAURICE MARCIANO, ALEX YEMENIDJIAN, CARLOS ALBERINI, CYNTHIA LIVINGSTON, ANTHONY CHIDONI, DEBORAH WEINSWIG, AND GUESS?, INC.**

**DEMAND FOR JURY TRIAL**

**AMENDED COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure 13, Counterclaimants Guess?, Inc. ("Guess"), Paul Marciano, Maurice Marciano, Alex Yemenidjian, Carlos Alberini, Cynthia Livingston, Anthony Chidoni, and Deborah Weinswig (collectively, the "Insureds") complain, allege, and assert against Counter-Defendants RLI Insurance Company and Arch Insurance Company (collectively, "Plaintiffs") as follows:[1]

**PARTIES, JURISDICTION, AND VENUE**

1. Counterclaimant Guess is, and at all relevant times has been, a corporation duly organized under the laws of Delaware with its principal place of business in Los Angeles County, California.

2. Counterclaimant Paul Marciano is an individual who resides in Los Angeles County, California.

3. Counterclaimant Maurice Marciano is an individual who resides in Los Angeles County, California.

4. Counterclaimant Alex Yemenidjian is an individual who resides in the State of Nevada.

5. Counterclaimant Carlos Alberini is an individual who resides in Los Angeles County, California.

6. Counterclaimant Cynthia Livingston is an individual who resides in the State of Connecticut.

7. Counterclaimant Anthony Chidoni is an individual who resides in Los Angeles County, California.

[1] Notwithstanding the filing of this Amended Counterclaim, the Insureds have brought a motion to stay this action in favor of, *inter alia*, the lawsuit entitled *Guess?, Inc. et al. v. North American Specialty Insurance Company et al.*, Los Angeles County Superior Court Case No. 23SSTCV10331 (the "State Court Action"). The pending State Court Action is the only proceeding in which complete relief regarding the instant coverage dispute can be rendered, and this action is should be stayed and/or dismissed in favor of the state court action.

8. Counterclaimant Deborah Weinswig is an individual who resides in the State of New York.

9. The Insureds are informed and believe, and on the basis of such information and belief allege, that Defendant RLI Insurance Company is, and all relevant times has been: (a) a corporation; and (b) is engaged in the business of providing insurance to persons and entities in Los Angeles County, California.

10. The Insureds are informed and believe, and on the basis of such information and belief allege, that Defendant Arch Insurance Company is, and all relevant times has been: (a) a corporation; and (b) is engaged in the business of providing insurance to persons and entities in Los Angeles County, California.

11. The Insureds informed and believe, and on the basis of such information and belief allege, that Plaintiffs contend that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court has jurisdiction over this Counterclaim pursuant to, *inter alia*, Federal Rules of Civil Procedure Rule 13. This Counterclaim arises out of a transaction or occurrence that is the subject matter of the Complaint.

12. The Insureds are informed and believe, and on the basis of such information and belief allege, that Plaintiffs contend that venue is proper in this District pursuant to 28 U.S.C. § 1391.

13. This Court has personal jurisdiction over Plaintiffs, who have caused damages to the Insureds within this District.

**COUNTERCLAIM FOR DECLARATORY RELIEF**

(Against Plaintiffs)

14. The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 13 above as though fully set forth herein.

15. The Insureds are informed and believe, and based thereon allege, that non-party Federal Insurance Policy ("Federal") issued an Executive Protection Portfolio policy bearing Policy No. 6803-4570 over the policy period from November 1, 2008 to November 1, 2009 (the "Federal Policy"). The Federal Policy, which is written on a

claims made basis, contains insuring clauses containing coverage for, *inter alia*, Executive Liability Coverage Insuring Clause 1, Executive Indemnification Coverage Insurance Clause 2, and Entity Securities Coverage Insuring Clause 3. In connection with the Policy's Coverage for Executive Liability Coverage Insurance Clause 1, Federal agreed to "pay, on behalf of each of the Insured Persons, Loss for which the Insured Person is not indemnified by the Organization and which the Insured Person becomes legally obligated to pay on account of any Claim first made against the Insured Person, individually or otherwise, during the Policy Period or, if exercised, during the Extended Reporting Period, for a Wrongful Act committed, attempted, or allegedly committed or attempted by such Insured Person before or during the Policy Period, but only if such Claim is reported to the Company in writing in the manner and within the time provided in Subsection 15 of this coverage section." In connection with the Policy's Coverage for Executive Indemnification Coverage Insuring Clause 2, Federal agreed to "pay, on behalf of the Organization, Loss for which the Organization grants indemnification to an Insured Person, as permitted or required by law, and which the Insured Person becomes legally obligated to pay on account of any Claim first made against the Insured Person, individually or otherwise, during the Policy Period or, if exercised, during the Extended Reporting Period, for a Wrongful Act committed, attempted, or allegedly committed or attempted by such Insured Person before or during the Policy Period, but only if such Claim is reported to the Company in writing in the manner and within the time provided in Subsection 15 of this coverage section." In connection with the Policy's Coverage for Entity Securities Coverage Insurance Clause 3, Federal agreed to "pay, on behalf of the Organization, Loss which the Organization becomes legally obligated to pay on account of any Securities Claim first made against the Organization during the Policy Period or, if exercised, during the Extended Reporting Period, for a Wrongful Act committed, attempted, or allegedly committed or attempted by the Organization or the Insured Persons before or during the Policy Period, but only if such Securities Claim is reported to the Company in

writing in the manner and within the time provided in Subsection 15 of this coverage section." The Federal Policy defines "insured persons" as "the Organization and any Insured Person." The Federal Policy defines "Loss" as including "the amount that any Insured Person (for purposes of Insuring Clauses 1 and 2) or the Organization (for purposes of Insuring Clause 3) becomes legally obligated to pay on account of any covered Claim, including but not limited to damages (including punitive or exemplary damages, if and to the extent that such punitive or exemplary damages are insurable under the law of the jurisdiction most favorable to the insurability of such damages provided such jurisdiction has a substantial relationship to the relevant Insureds, to the Company, or to the Claim giving rise to the damages), judgments, settlements, pre-judgment and post-judgment interest and Defense Costs[.]" The Federal Policy defines "Claim," when used in reference to the coverage provided by Insuring Clause 1 or 2, as "(a) a written demand for monetary damages or non-monetary relief; (b) a civil proceeding commenced by the service of a complaint or similar pleading; or (c) a formal civil administrative or civil regulatory proceeding commenced by the filing of a notice of charges or similar document or by the entry of a formal order of investigation or similar document, against an Insured Person for a Wrongful Act, including any appeal therefrom[.]" The Federal Policy defines "Claim," when used in reference to the coverage provided by Insuring Clause 3, as "(a) a written demand for monetary damages or non-monetary relief; (b) a civil proceeding commenced by the service of a complaint or similar pleading; or (c) a formal civil administrative or civil regulatory proceeding commenced by the filing of a notice of charges or similar document or by the entry of a formal order of investigation or similar document, but only while such proceeding is also pending against an Insured Person, against an Organization for a Wrongful Act, including any appeal therefrom[.]" The Federal Policy defines "Wrongful Act" as "(a) any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by an Insured Person in his or her Insured Capacity, or for purposes of coverage under

Insuring Clause 3, by the Organization, or (b) any other matter claimed against an Insured Person solely by reason of his or her serving in an Insured Capacity."

16. The Insureds are informed and believe, and based therein allege, that RLI issued Policy No. EPG0008809 with a policy term of November 1, 2008 to 2009 proving first layer, follow form excess coverage over the Federal Policy (the "RLI Excess Policy").

17. The Insureds are informed and believe, and based therein allege, that Arch issued Policy No. DOX002334701 with a policy term of November 1, 2008 to 2009 proving second layer, follow form excess coverage over the Federal Policy (the "Arch Excess Policy").

18. The Insureds have been the subject of the claims asserted by (1) the Employees' Retirement System of Rhode Island ("ERSRI") in the lawsuit styled as *Employees' Retirement System of Rhode Island v. Paul Marciano, et al.,* C.A. No. 2022-0839-LWW (the "ERSRI Action") and (2) Legion Partners Holdings, LLC in the lawsuit styled *Legion Partners Holdings, LLC v. Paul Marciano, et al.,* C.A. No.: 2023-0197 (the "Legion Partners Action") (the ERSRI Action and the Legion Partners Action are sometimes hereinafter collectively referred to as the "Claims").

19. The Insureds gave notice of the Claims to the insurers whose directors and officers policies provided coverage over the policy period December 15, 2021 to December 15, 2022 (the "2021/22 D&O Tower Insurers").

20. The 2021/22 D&O Tower Insurers denied coverage for the Claims on the basis, *inter alia*, that the Claims allegedly relate back to, and are a "Related Claim" with, a prior claim first asserted during the 2008/2009 policy period (the "Prior Claim").

21. While the Insureds do not concede the propriety of the 2021/22 D&O Tower Insurers' position that the Claim relates back to the Prior Claim, the Insureds gave notice of the Prior Claim to Federal and Plaintiffs, among other insurers whose D&O policies provided coverage during the 2008/09 policy period (the "2008/09 D&O

Tower Insurers"), on or about October 5, 2009.

22. Federal accepted coverage for the Claim under the Federal Policy and agreed to tender its $10 million policy limits for settlement purposes with respect to the Claims.

23. The Insureds gave timely notice of the Claims to the Plaintiffs under the policies identified in this first claim.

24. Despite the follow form nature of their policies over the Federal Policy, Plaintiffs denied coverage for the Claims.

25. If the 2021/22 D&O Tower Insurers are adjudged to be correct (which the Insureds dispute) and the Claims are deemed to be a claim first made at the time of the Prior Claim, then upon exhaustion of the Federal Policy Plaintiffs would be required to provide coverage for Claims along with the other 2008/09 D&O Tower Insurers given the follow form nature of their policies over the Federal Policy.

26. The Insureds have filed suit against both the 2021/22 D&O Tower Insurers and 2008/09 D&O Tower Insurers (apart from Federal) in the State Court Action. The pending State Court Action is the only proceeding in which complete relief regarding the instant coverage dispute can be rendered, and this action is should be stayed and/or dismissed in favor of the State Court Action.

27. An actual, present and justifiable controversy now exists between the Insureds and Plaintiffs with respect to the Insureds' rights and Plaintiffs' duties under the insurance policies identified in this first claim as follows:

(a) Upon exhaustion of the Federal Policy and/or any other applicable underlying policy, Plaintiffs are obligated to fulfill their duties to promptly advance defense costs in connection with the Claims;

(b) Upon exhaustion of the Federal Policy and/or any other applicable underlying policy, Plaintiffs are obligated to indemnify the Insureds in connection with the Claims;

(c) Upon exhaustion of the Federal Policy and/or any other applicable

underlying policy, as part of their duty to advance defense costs Plaintiffs are obligated to pay the Insureds' defense fees and expenses as they are incurred, and without delay; and

(d) Upon exhaustion of the Federal Policy and/or any other applicable underlying policy, Plaintiffs are obligated to act in good faith toward the Insureds in connection with the Claims and otherwise.

28. The Insureds are informed and believe, and on the basis of such information and belief allege, that Plaintiffs dispute the aforesaid contentions and contend otherwise.

29. The Insureds are now entitled to a declaration of their rights and Plaintiffs' duties under the policies identified in this first claim: (a) to avoid a multiplicity of actions; (b) so that the parties will know their rights, duties and obligations under the policies identified in this first claim; and (c) so that the Insureds will receive the benefits under said policies. Specifically, the Insureds are entitled to a declaration that their contentions, as set forth in Paragraph 27, are correct.

## COUNTERCLAIM FOR BREACH OF CONTRACT

(Against Plaintiffs)

30. The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 29 above as though fully set forth herein.

31. The Insureds gave timely notice of the Claims to RLI and Arch.

32. Under the RLI Excess Policy and the Arch Excess Policy, Plaintiffs were and are obligated, *inter alia,* to indemnify the Insureds in connection with the Claims once their policies become implicated.

33. RLI and Arch have failed and refused to comply with their duty to indemnify the Insureds in connection with the Claims. The Insureds received a settlement demand in connection with the Claims that would have exhausted the limits of the Federal Policy, the RLI Excess Policy, and the Arch Excess Policy. After Federal agreed to tender its $10 million in policy limits to settle the Claims—which

offer would have exhausted the Federal Policy—the Insureds demanded multiple times that RLI and Arch fund the remainder of the proposed settlement, which settlement as noted above would have implicated and exhausted the respective limits of the RLI Excess Policy and the Arch Excess Policy.

34. As a result of RLI and Arch's breaches of their obligations under their respective policies, the Insureds have been unable to settle the Claims.

35. The Insureds have duly performed all conditions required under the RLI Excess Policy and the Arch Excess Policy, except any that were excused by RLI and Arch's breaches and/or other conduct.

36. The aforesaid conduct of RLI and Arch constitutes material breaches of the respective RLI Excess Policy and Arch Excess Policy, including, without limitation, breaches of the duty to indemnify the Insureds in connection with the Claims.

37. As a direct and proximate result of RLI and Arch's breaches of contract, the Insureds have suffered damages in excess of the jurisdictional minimum of this Court in an amount to be proven at trial.

## **COUNTERCLAIM FOR TORTIOUS BREACH OF CONTRACT**

(Against Plaintiffs)

38. The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 37 above as though fully set forth herein.

39. The RLI Excess Policy and the Arch Excess Policy (collectively, the "Policies") contain an implied covenant of good faith and fair dealing requiring, *inter alia*, that Plaintiffs act in good faith and deal fairly with the Insureds and take no action to interfere with the Insureds' rights to receive benefits which they reasonably expected to receive under the Policies.

40. Plaintiffs have tortiously breached that implied covenant of good faith and fair dealing, as hereinabove alleged, in that they, among other things:

(a) Wrongfully, intentionally and in bad faith refused to honor

obligations to indemnify the Insureds in connection with the Claims. Among other things and without limitation, RLI and Arch have failed and unreasonably refused to comply with their duty to indemnify the Insureds in connection with the Claims. The Insureds received a settlement demand in connection with the Claims that would have exhausted the limits of the Federal Policy, the RLI Excess Policy, and the Arch Excess Policy. After Federal agreed to tender its $10 million in policy limits to settle the Claims in response to the settlement demand—which offer would have exhausted the Federal Policy—the Insureds demanded multiple times that RLI and Arch fund the remainder of the proposed settlement, which settlement would have implicated and exhausted the respective limits of the RLI Excess Policy and the Arch Excess Policy. RLI and Arch refused to fund the remainder of the settlement. As a result of RLI and Arch's tortious breaches of their obligations under the Policies, the Insureds have been unable to settle the Claims. This constitutes bad faith conduct. Indeed, under California law, insurers—including excess insurers—owe a duty to accept reasonable settlements with their policy limits. Thus, where the primary insurer has tendered its policy limits and the excess insurer refuses to settle, the insured may maintain a bad faith action against the excess insurer. *See, e.g.*, *Kelley v. British Comm'l Ins. Co.,* 221 Cal. App. 2d 554, 563 (1963);

(b) Wrongfully, intentionally, unreasonably and in bad faith failed and refused to evaluate the Claims in an objective fashion and instead wrongfully, intentionally, and unreasonably denied coverage at the outset without conducting any investigation;

(c) Wrongfully and in bad faith engaged in an unreasonable and arbitrary interpretation of the Policies;

(d) Fraudulently misrepresented and falsely promised that they would advance defense costs and indemnify the Insureds under the Policies for covered claims when they had no intention of doing so;

(e) Wrongfully, intentionally and in bad faith failed and refused to

inform the Insureds of their rights under the Policies, but instead sought to impose impermissible conditions on those benefits;

(f) Wrongfully, intentionally and in bad faith failed and refused to respond to communications from the Insureds in a timely fashion and engaged in improper delays;

(g) Wrongfully, intentionally and in bad faith refused to settle the Claims thereby knowingly and intentionally causing damage to the Insureds and their business interests;

(h) Wrongfully, intentionally and in bad faith filed this action, forced the Insureds to incur the expense of defending this action, forced the Insureds to file the associated State Court Action to recover benefits owing in connection with the Claims, refused to stay this action in favor of the State Court Action, and forced the Insureds to file a motion to stay this action; and

(i) Wrongfully, intentionally and in bad faith placed their own interests above those of the Insureds.

41. As a direct, proximate and foreseeable result of the aforesaid intentional and wrongful conduct, the Insureds have suffered damages in excess of the jurisdictional minimum of this Court in an amount to be proven at trial.

42. In order to recover the benefits under the Policies sought herein, and as a result of Plaintiffs' bad faith and tortious breach of contract, the Insureds have been and are forced to incur attorneys' fees, and related expenses and costs.

43. The Insureds are informed and believe, and on that basis allege, that Plaintiffs engaged in the aforesaid conduct: (a) with a willful and conscious disregard of the Insureds' rights; (b) with the intent to injure the Insureds; and (c) in order to subject the Insureds to cruel and unjust hardships in disregard of their rights such as to constitute oppression, fraud and malice under California Civil Code Section 3294. By reason of the foregoing, the Insureds are entitled to recover punitive damages from Plaintiffs for the sake of example and to punish and deter Plaintiffs in a sum to be

determined by the trier of fact.

**COUNTERCLAIM FOR UNFAIR COMPETITION**

(Against Plaintiffs)

44. The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 43 above as though fully set forth herein.

45. Plaintiffs' conduct alleged herein constitutes unlawful, unfair and fraudulent business practices in violation of the California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200 *et seq.*) Among other things and without limitation, Plaintiffs' bad faith refusal to acknowledge their obligation to advance defense costs and indemnify the Insureds in connection with the Claims, coupled with their bad faith refusal to fund a settlement of the Claims that implicated their respective policy layers, was unlawful and constituted a tortious breach of the Policies as hereinabove alleged.

46. The Insureds have lost money as a result of the Plaintiffs' unfair competition.

47. In light of the foregoing, the Insureds are entitled to an injunction under the UCL restraining Plaintiffs from engaging in the unlawful conduct alleged herein, as well as to restitution of those amounts obtained by Plaintiffs through their unfair competition.

**PRAYER**

WHEREFORE, the Insureds pray for judgment in this action as follows:

i. That the Complaint be dismissed in its entirety;

ii. That judgment be entered in favor of the Insureds and that Plaintiffs take nothing and obtain no relief through the Complaint;

iii. Under the Counterclaim for Declaratory Relief, for a declaration that the Insureds' allegations in Paragraph 27 of the Counterclaim are correct;

iv. Under the Counterclaim for Breach of Contract, for compensatory damages according to proof;

v. Under the Counterclaim for Tortious Breach of Contract, for compensatory damages and punitive damages according to proof and for attorney's fees and costs incurred in obtaining the benefits due under the Policies;

vi. Under the Counterclaim for Unfair Competition, for restitution and temporary, preliminary and permanent injunctive relief restraining Plaintiffs from engaging in acts of unfair competition as alleged herein;

vii. For pre-judgment interest;

viii. That the Insureds be awarded their costs of suit; and

ix. That the Insureds be awarded such other and further relief as the Court deems just and proper.

**BARNES & THORNBURG LLP**

Dated: July 6, 2023

By: /s/ Matthew B. O'Hanlon

David P. Schack
david.schack@btlaw.com
Matthew B. O'Hanlon
matthew.o'hanlon@btlaw.com
Avedis H. Bekhloyan
avedis.bekhloyan@btlaw.com
Attorneys for Defendants and Counterclaimants Paul Marcianio, Maurice Marciano, Alex Yemenidjian, Carlos Alberini, Cynthia Livingston, Anthony Chidoni, Deborah Weinswig, and Guess?, Inc.

**DEMAND FOR JURY TRIAL**

Defendants and Counterclaimants Paul Marcianio, Maurice Marciano, Alex Yemenidjian, Carlos Alberini, Cynthia Livingston, Anthony Chidoni, Deborah Weinswig, and Guess?, Inc. hereby demand trial by jury on all issues so triable.

**BARNES & THORNBURG LLP**

Dated: July 6, 2023

By: /s/ Matthew B. O'Hanlon

David P. Schack
david.schack@btlaw.com
Matthew B. O'Hanlon
matthew.o'hanlon@btlaw.com
Avedis H. Bekhloyan
avedis.bekhloyan@btlaw.com
Attorneys for Defendants and Counterclaimants Paul Marcianio, Maurice Marciano, Alex Yemenidjian, Carlos Alberini, Cynthia Livingston, Anthony Chidoni, Deborah Weinswig, and Guess?, Inc.