# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES – GENERAL

| Case No. | **2:23-cv-02661-MCS-SK** | Date | August 2, 2023 |
|---|---|---|---|
| Title | ***RLI Ins. Co. v. Marciano*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: MOTION TO STAY (ECF NO. 35), EX PARTE APPLICATION FOR LEAVE TO FILE SURREPLY (ECF NO. 46), AND MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 50) (JS-6)**

Defendants and Counterclaimants Paul Marciano, Maurice Marciano, Alex Yemenidjian, Carlos Alberini, Cynthia Livingston, Anthony Chidoni, Deborah Weinswig, and Guess?, Inc. (together, "Insureds") move to stay this action until the final resolution of pending state court proceedings in *Guess?, Inc. v. North American Specialty Insurance Company*, Los Angeles County Superior Court Case No. 23STCV10331. (Mot., ECF No. 35.) Plaintiffs and Counterclaim Defendants RLI Insurance Company and Arch Insurance Company (together, "Insurers") oppose the motion. (Opp'n, ECF No. 39.) Insureds filed a reply. (Reply, ECF No. 42.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

After briefing of the motion concluded, Insurers filed an ex parte application to file a surreply. (EPA, ECF No. 46; *see* Proposed Surreply, ECF No. 46-3.) Insureds filed a brief opposing the application. (EPA Opp'n, ECF No. 47.) Although the Court

finds no cause to grant the application,[1] in the interest of judicial economy, the Court considers the arguments made in Insurers' proposed surreply.

Insurers move for judgment on the pleadings. (MJOP, ECF No. 50.) The Court deems this motion also appropriate for decision without oral argument.

## I. BACKGROUND

This action concerns insurance coverage with respect to two underlying shareholder derivative lawsuits brought on behalf of Guess? against the rest of the Insureds, who are Guess? officers. (Compl. ¶¶ 1–8, ECF No. 1.) Nonparty Federal Insurance Company issued a primary directors-and-officers ("D&O") liability policy for the 2008–2009 policy period, and Insurers issued excess D&O policies for the same period. (*Id.* ¶¶ 21–24.) Insureds tendered one of the derivative actions to the "tower" of insurers for the 2021–2022 policy period and both derivative actions to

[1] Assuming ex parte treatment is appropriate, *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995), the relief Insurers seek in the application is unwarranted. Local Rule 7-10 requires a court order authorizing the filing of a surreply. C.D. Cal. R. 7-10. A court should exercise its discretion to authorize a surreply "only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV 16-600 JGB (DTBx), 2018 U.S. Dist. LEXIS 77707, at *3–4 (C.D. Cal. May 7, 2018) (internal quotation marks omitted). Insurers submit that Insureds argue for the first time in their reply brief that their Counterclaim is pleaded conditionally and is not subject to mandatory jurisdiction. (EPA 4–5.) But Insureds' argument in reply is directly responsive to arguments Insurers made in their opposition brief regarding mandatory jurisdiction. (*See* Opp'n 9–11.) That does not provide cause for further briefing. *See, e.g.*, *Sanchez v. County of San Bernardino*, No. CV 10-09384 MMM (OPx), 2014 U.S. Dist. LEXIS 199466, at *10–12 (C.D. Cal. Mar. 10, 2014) (collecting cases for the proposition that "[t]he court can properly consider evidence and argument offered in reply that is responsive to points raised in the non-moving party's opposition"). If anything, Insurers' application warrants an admonishment to all counsel for their apparent failure to ventilate the issue of mandatory jurisdiction in their prefiling conference. *See Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the prefiling conference rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).

the tower of insurers for the 2008–2009 policy period. (*Id.* ¶¶ 49–51; *see* Mot. 1 (referring to "'towers' of primary and excess insurers").)

Insurers bring claims under the Declaratory Judgment Act; they seek a declaration that, inter alia, there is no coverage under their excess policies for the derivative actions. (Compl. ¶¶ 57–108.) Insureds bring counterclaims for declaratory relief, breach of contract, tortious breach of contract, and unfair competition. (Am. Countercl. ¶¶ 14–47, ECF No. 36.)

Meanwhile, Insureds brought suit in state court against Insurers and over a dozen other insurers in both towers to whom they tendered the derivative actions, *Guess? Inc. v. North American Specialty Insurance Company*, Los Angeles County Superior Court Case No. 23STCV10331. (O'Hanlon Decl. Ex. 1 ("State Ct. Compl."), ECF No. 35-1.) Insureds assert five claims in that case: (1) breach of contract, (2) declaratory relief with respect to the 2021–2022 tower, (3) declaratory relief with respect to the 2008–2009 tower, (4) tortious breach of contract, and (5) unfair competition. (*See generally id.*)

## II. LEGAL STANDARD

"In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). In other words, district courts have discretion to exercise jurisdiction over an action brought under the Declaratory Judgment Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. Where there is another suit pending in state court presenting the same issues, district courts presented with declaratory judgment actions are "authorized as a matter of discretion to stay or dismiss" the federal action upon analyzing the relevant factors stated in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), and *Government Employees Insurance Company v. Dizol*, 133 F.3d 1220 (9th Cir. 1998). *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1280 (9th Cir. 2021) (internal quotation marks omitted).

"The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum

shopping; and it should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225. Courts also may consider

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring)).

Exercise of jurisdiction is not always discretionary; jurisdiction is mandatory if claims or counterclaims for monetary relief are joined with an action for declaratory relief. *Argonaut*, 17 F.4th at 1280–81. This mandatory jurisdiction rule does not trigger, however, if the monetary claims are pleaded as conditional counterclaims by a party who preserves objections to jurisdiction. *Id.* at 1279.

## III. DISCUSSION

### A. Mandatory Jurisdiction Is Inapplicable

Insurers argue that the motion should be denied because jurisdiction is mandatory, as Insureds assert counterclaims for monetary relief. (Opp'n 9–11.) Insureds respond that their counterclaims are pleaded conditionally such that the mandatory jurisdiction rule does not apply. (Reply 6–9.)

For the reasons stated in Insurers' proposed surreply, (Proposed Surreply 3–4), whether Insureds pleaded the counterclaims conditionally is not perfectly clear on this record. This is understandable, however, as "conditional pleadings are . . . not expressly addressed in the Federal Rules of Civil Procedure." *Argonaut*, 17 F.4th at 1282. The *Argonaut* panel recognized that counterclaims paired with an objection to jurisdiction did not trigger the mandatory jurisdiction rule. *Id.* A court in this district construing *Argonaut* interpreted counterclaims as conditionally pleaded where the pleader concurrently filed a *Brillhart* motion. *W. Am. Life Ins. Co. v. Dye*, No. EDCV

21-1747 JGB (KKx), 2022 U.S. Dist. LEXIS 114027, at *9–10 (C.D. Cal. Mar. 9, 2022).

Here, Insureds pleaded an affirmative defense that "[t]he pending state court action is the only proceeding in which complete relief can be rendered, and this action is should be [sic] stayed and/or dismissed in favor of the state court action." (Answer 16, ECF No. 30.) Insureds prefaced their counterclaims with a disclaimer that they "reserve the right to bring a motion to stay this action" in favor of the state court case. (*Id.* at 16 n.1; *see also* Am. Countercl. 1 n.1 (acknowledging the instant motion as pending).) Given this record, the Court determines that the Insureds' counterclaims for monetary relief are conditionally pleaded because Insureds have engaged in conduct consistent with their assertion of an objection to jurisdiction under *Brillhart*. *Cf. Argonaut*, 17 F.4th at 1283 (rejecting argument that pleader waived *Brillhart* objection to jurisdiction by engaging in "routine post-answer and pre-discovery conduct"). Accordingly, jurisdiction is not mandatory here.[2]

### B. The *Brillhart* and *Dizol* Factors Weigh in Favor of a Stay

The *Brillhart* factors support declining jurisdiction and entering a stay. First, a stay would avoid a needless determination of state law issues that have been presented to the state court. "A 'needless determination of state law' may involve an ongoing parallel state proceeding regarding the 'precise state law issue,' an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (*e.g.*, a diversity action)." *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1031 (D. Haw. 2008) (quoting *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–72 (9th Cir. 1991), *overruled in part on other grounds by Dizol*, 133 F.3d at 1227)). Here, the case revolves around routine issues of interpretation of insurance contracts, matters of state law the state court could adjudicate more or equally adeptly compared with this Court. Insurers submit that this first factor only favors a stay where the issues of state law are unsettled. (Opp'n 15–16 (citing, inter alia, *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1054 (N.D. Cal. 2016)).) District courts in this circuit disagree about that proposition. *See Evanston Ins. Co. v. Southridge Prop. Owners Ass'n of Palm Springs, Inc.*, No.

---

[2] Even if the Court were to conclude otherwise, adopting Insurers' position for the instant motion would only waste the parties' valuable time and resources, as leave to amend the counterclaim to clarify their conditionality would be appropriate under Rule 15(a)(2), removing the mandatory jurisdiction hurdle for a renewed *Brillhart* motion.

EDCV 19-226 JGB (SHKx), 2019 U.S. Dist. LEXIS 90950, at *7–8 (C.D. Cal. May 29, 2019) (acknowledging split). In the absence of controlling authority, the Court is not persuaded that unsettled questions necessarily control the inquiry with respect to this factor. Instead, the Court finds that the factor favors a stay here both because "the sole basis of jurisdiction is diversity of citizenship," where "the federal interest is at its nadir," *Robsac*, 947 F.2d at 1371, and because the Court finds persuasive the line of decisions from "courts in this Circuit [that] routinely find that this factor weighs against exercising jurisdiction where there exists a parallel state proceeding involving the same issues and parties, even where those issues do not touch on new areas of state law," *Southridge*, 2019 U.S. Dist. LEXIS 90950, at *7 (collecting cases).

The second factor, which advises courts to discourage forum shopping, favors exercise of jurisdiction. Insureds argue that Insurers' federal suit is anticipatory or preemptive. (Mot. 17.) In support, they note that on April 4, 2023, counsel for Insureds demanded that Insurers fund a proposed settlement of one of the derivative actions. (O'Hanlon Decl. ¶ 5, ECF No. 35-1.) Insurers did not wait until the deadline offered by the demand, April 10, (*id.*), before they filed suit on April 7, (*see* Compl.). Any inference of forum shopping that might be gleaned here is weak, especially given that Insureds tendered the derivative action to Insurers months before this demand, suggesting the controversy over coverage was long simmering by the time of the demand. (*See* O'Hanlon Decl. ¶¶ 3–4.) The timeline of events suggests Insurers properly and timely invoked "diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Aetna Cas. & Surety Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992). There are no strong indicia that Insurers sought "to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules," so this factor weighs against a stay. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1371 (9th Cir. 1990).

The relief sought in this action overlaps with the relief sought in the state court action, so the third factor favors declining jurisdiction. Insurers in this action seek a declaration that they are not obliged under their 2008–2009 D&O excess liability policies to cover the underlying shareholder derivative suits. (Compl. ¶¶ 57–108.) Insureds in the state court case seek, inter alia, more expansive, inverse declaratory relief: a declaration that the insurers in the 2008–2009 and 2021–2022 towers have coverage obligations with respect to the derivative suits. (State Ct. Compl. ¶¶ 20–64.) In other words, this federal case involves coverage questions as to only two of several excess insurers in one of two towers to whom Insureds tendered the derivative suits. Insurers argue that this factor weighs in favor of exercising

jurisdiction because of the additional parties and policies at issue in the state court case. (Opp'n 18–19.) But the inquiry on this factor focuses on "whether the same issues between the same parties are currently being litigated in state court"; *not* whether there are additional other issues present in one case or the other. *AmTrust Int'l Underwriters Ltd. v. Silver Star Constr. Eng'g, Inc.*, No. CV 18-4776-MWF (JEMx), 2018 U.S. Dist. LEXIS 192677, at *9 (C.D. Cal. Oct. 30, 2018); *see Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the *same issues*, not governed by federal law, between the *same parties*." (emphases added)). Notwithstanding the presence of other insurers in the state court case, Insurers do not dispute that the coverage issues to be litigated between Insurers and Insureds in both cases materially overlap. Declining jurisdiction here would avoid "[g]ratuitous interference with the orderly and *comprehensive* disposition of a state court litigation." *Brillhart*, 316 U.S. at 495 (emphasis added).

Several of the optional factors stated in *Dizol* strongly support declining jurisdiction. This declaratory action might settle all aspects of the controversy as between Insureds and Insurers, but it would not resolve the larger controversy between Insureds and all their D&O liability insurers. A judgment in this federal case would offer only a piecemeal adjudication of the issues as between Insureds and the excess insurers in the 2008–2009 tower, and as between Insureds and all the insurers named in the state court suit. The Court lacks power to award the complete suite of remedies Insureds seek in the state court action; the Court would lack jurisdiction over the controversy as against all D&O liability insurers given the lack of diversity of citizenship between Guess? and one of the excess insurers. (O'Hanlon Decl. ¶ 8.) Further, Insurers' decision to file a motion for judgment on the pleadings during the pendency of the motion to stay might be interpreted as "procedural fencing" insofar as Insurers seek a final judgment in this case that would have res judicata effect in the state court case, which appears to be in an earlier stage of litigation. *Dizol*, 133 F.3d at 1225 n.5. (*See* Proposed Order, ECF No. 50-3 (seeking a final judgment dismissing Insureds' claims and granting primary relief sought by Insurers).) In short, maintaining the federal action would frustrate the complete and final adjudication of Insureds' coverage dispute with all the insurers to which they tendered the shareholder derivative suits.

On balance, the *Brillhart* and *Dizol* factors favor declining jurisdiction and staying this action pending resolution of the state court proceedings.

## IV. CONCLUSION

The Court grants the motion. This case is stayed until the final resolution of *Guess?, Inc. v. North American Specialty Insurance Company*, Los Angeles County Superior Court Case No. 23STCV10331.

The Court directs the Clerk to terminate the motion for judgment on the pleadings and to remove the case from the Court's active caseload until further application by the parties or order of this Court. The parties shall file a joint status report within 120 days, and a further report every 120 days thereafter. Each report must state on the cover page the date the next report is due. Additionally, the parties must notify the Court within seven days of the conclusion of the state court case.

**IT IS SO ORDERED.**